LANE, J.
The evidence must go to the jury. It is the only record of those early times. However informal, it is good until reversed.
LANE, J. It is inadmissible; the paper is not an execution without seal; it is only prepared for the seal. It has no more validity than *a deed written out, seal prepared for execution, but [224 never executed by the grantors, would have.
The plaintiff then offered the sheriff’s deed, for the property sold on the execution, and to prove possession under it in 1807.
LANE, J. The deed is inoperative to convey title, without an execution and sale; but it is admissible to show the plaintiff’s entry and possession adverse.
The levy, as returned, was upon three hundred and seventy-three acres, as stated in the deed and sale, and conveyance for only a part of the levy. The possession was sought to be proved by showing a former suit, and the payment of taxes. The plaintiff then rested.
LANE, J. Actual possession is necessary. But if Mills was on the land, claiming to be the owner, he actually held, according to the deed under which he claimed. The motion is overruled.
*228 THE COURT excluded the deed; the law expressly requires such deed to be acknowledged in open court.
A verdict was rendered for the defendants.
A motion for a new trial, because the court erred in rejecting the execution for want of a seal, was reserved to the Court in Be nk, and there overruled; 6 O. 11.